UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-0371-KK-SHKx** | Date: | April 10, 2024 |
| Title: | *Fernando Brito et al. v. Porsche Cars North America, Inc. et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiffs' Motion to Remand [Dkt. 16]

## I.
## INTRODUCTION

On March 14, 2024, plaintiffs Fernando Brito and Jeronimo Brito (collectively, "Plaintiffs") filed a Motion to Remand ("Motion") this action to state court arguing defendant Porsche Cars North America, Inc. ("Defendant") "does not appear to be able to meet its burden of proving that this Court has removal jurisdiction[.]" Dkt. 16 at 3. On March 21, 2024, Defendant filed an Opposition to the Motion and a Request for Judicial Notice.[1] Dkts. 17, 18. On March 28, 2024, Plaintiffs filed a Reply. Dkt. 19. The matter thus stands submitted.

The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiffs Motion to Remand is **DENIED**. Additionally, in light of the Court's Order vacating the April 11, 2024 hearing, dkt. 20, Plaintiffs' Request for Remote Appearance, dkt. 22, is **DENIED AS MOOT**.

## II.
## BACKGROUND

On January 4, 2024, Plaintiffs commenced this action by filing a Complaint in Riverside Superior Court. Dkt. 1-1. The Complaint alleges claims under California's Song-Beverly Consumer Warranty Act and Business and Professions Code Section 17200. Dkt. 1-1 at 4. Specifically,

---

[1] In light of this Order, Defendant's Request for Judicial Notice is **DENIED AS MOOT**.

Plaintiffs allege they purchased a new 2022 Porsche Macan ("Subject Vehicle"), "manufactured and/or distributed" by Defendant, that "exhibited numerous defects and nonconformities covered by the warranties which substantially impair the use, value and safety of" the Subject Vehicle. Id. ¶¶ 3, 4, 6. On January 16, 2024, Defendant was served with a copy of the summons and complaint. Declaration of Mehgan Gallagher ("Gallagher Decl.") ¶ 2, Ex. A at 2-3.

On February 15, 2024, Defendant filed its Notice of Removal, asserting the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Dkt. 1 ¶¶ 6, 8; see also Gallagher Decl. ¶ 3. According to the Notice of Removal, Defendant removed the action within 30 days of its receipt of the summons and complaint. Id. ¶ 1. On February 22, 2024, Defendant filed an Answer. Dkt. 13.

## III.
## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

In attempting to invoke this Court's diversity jurisdiction, Defendant must establish: (1) complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy

requirement has been satisfied."' Jauregui, 28 F.4th at 992.  Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (internal quotation marks and citation omitted).  "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020).  "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

## IV.
## DISCUSSION

### A.   PLAINTIFFS' COUNSEL FAILED TO MEET AND CONFER AS REQUIRED BY THE LOCAL RULES AND THE COURT'S STANDING ORDER

Local Rule 7-3 provides, in relevant part, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3.  Moreover, "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3[.]"  L.R. 7-4.

Additionally, the Court's Standing Order provides, in relevant part, "[c]ounsel for the parties shall meet and confer pursuant to Local Rule 7-3, which requires 'counsel contemplating filing of any motion' to 'first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.'  The parties must discuss in real-time all issues to be raised in the motion, as well as the law and evidence relevant to those issues, so that the parties' briefing reflects that they are fully cognizant of the other side's position(s).  Letters and e-mail are insufficient to satisfy the prefiling conference requirements of Local Rule 7-3. . . .  The Court may strike or summarily deny a motion if counsel fails to adequately meet and confer in good faith."  Dkt. 11 at 6 ("Standing Order").

Here, Plaintiffs' counsel's email dated February 16, 2024 falls well fall short of complying with the requirements of the Local Rules and this Court's Standing Order.  See dkt. 17-2 at 2-4, Ex. A.  Specifically, Plaintiffs' counsel's email fails to establish Plaintiffs' counsel contacted opposing counsel "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" and fails to "discuss in real-time all issues to be raised in the motion[.]"  See L.R. 7-3; Standing Order at 6.  Therefore, Plaintiffs' statement that they "afforded Defendant the opportunity to resolve this dispute short of a motion[,]" dkt. 16 at 3, is simply not true.  Moreover, while Defendant raises this preliminary issue in its Opposition, Plaintiffs notably fail to address this argument in their Reply.  Therefore, this Court denies the Motion as procedurally improper.

### B.   DEFENDANT HAS ESTABLISHED THE COURT HAS DIVERSITY JURISDICTION OVER THE INSTANT ACTION

Additionally, even on the merits, Plaintiffs' Motion fails as Defendant has established this Court has diversity jurisdiction over the instant action.  Here, neither party disputes complete diversity of citizenship exists between Plaintiff, a citizen of the state of California, and Defendant, a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Dkt. 1 ¶¶ 5-6. Rather, the disputed issue is whether the amount in controversy exceeds $75,000.

The Court further finds the amount in controversy has been met. Plaintiffs belatedly argue "the amount in controversy does not exceed $75,000" because "they have only paid $30,792.08" on the Subject Vehicle and "[e]ven if Plaintiffs could achieve a full two times civil penalty, the total would only be $66,603.21."[2] Dkt. 19 at 2-3. However, even assuming so, Plaintiffs are also seeking restitution, incidental and consequential damages, actual and statutory damages, prejudgment interest, reasonable attorney's fees,[3] and costs and expenses incurred in this action, which would presumably meet or exceed the $75,000 amount in controversy requirement. See dkt. 1-1 at 10-11.

Accordingly, the Court finds Defendant has met its burden of establishing the Court's diversity jurisdiction over the instant action.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

---

[2] While Plaintiffs argue this is the maximum amount recoverable for the Subject Vehicle, Defendant attached Plaintiffs' sales contract of the Subject Vehicle in its Notice of Removal which indicates the total sale price of the Subject Vehicle was $100,774.08. Dkt. 1-2, Ex. B; see also dkt. 17 at 5. Moreover, while Plaintiffs argue their recovery "is limited to the actual payment amount to the seller[,]" and cite Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) to support their proposition, see dkt. 19 at 2-3, the Court finds this case inapposite. Brady analyzes whether, and to what extent, specific language in the Song-Beverly Act applies in the context of an automobile lease. See Brady, 243 F. Supp. 2d at 1007. In the instant action, however, Plaintiffs concede they financed the Subject Vehicle, see dkt. 19 at 3, in the amount of $89,342.50, see dkt. 1-2, Ex. B, and thus, the analysis in Brady does not apply. Hence, the Court finds the amount recoverable for the Subject Vehicle, in addition to a civil penalty, exceeds $66,603.21.

[3] Typically, attorney's fees are not considered part of the amount in controversy for diversity purposes. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). "However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorney's fees, such fees may be included in calculating the amount in controversy." Brady, 243 F. Supp. 2d at 1010 (N.D. Cal. 2002); see also Cal. Civ. Code § 1794(d).